

IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANICE OSBORNE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | 3-08CV1238-L |
| LEDCOR CONSTRUCTION INC. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. The named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendant. Defendant has failed to pay Plaintiff in excess of forty (40) hours per week at a rate not less than one and one-half times the regularly hourly rate of pay at which such employees are compensated. Pursuant to 29 U.S.C. § 216(b), the named Plaintiff will be seeking to represent all other similarly situated past and present employees, as described herein, who have not been properly paid and to have this action certified as a collective action. For herself and all those similarly situated, the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

### PARTIES

2. The named Plaintiff is an individual who is a former employee of the Defendant, Ledcor Construction Inc. Plaintiff brings this action to recover unpaid compensation due to her and others similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. In addition to the Plaintiff named herein, all other similarly situated persons, that is, all persons presently or formerly employed by Defendant in similar employment positions which are

not exempt from the minimum wage and overtime requirements of the FLSA, are entitled to collectively participate in this cause of action by choosing to "opt in" and submit a Written Consent to participate in this litigation as required by 29 U.S.C. § 216(b). This case is maintained as a collective action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b). As soon as practicable after the commencement of this action and in accordance with the Local Rules of the Northern District of Texas, Plaintiff will file, pursuant to 29 U.S.C. § 216(b), a Motion to Facilitate a Collective Action.

4.  Defendant Ledcor Construction Inc. ("Ledcor") is a foreign corporation which is authorized and licensed to do business in the State of Texas, doing business in the Northern District of Texas as well as many states in the United States. Defendant Ledcor can be served with process in this case by serving its registered agent for service of process, C T Corporation System at 350 North St. Paul Street, Dallas, Texas 75201. At all times relevant to this lawsuit, Defendant has employed and continues to employ a number of employees in non-exempt work at its job sites. At all times relevant to this lawsuit, the Defendant has been and remains engaged in commerce within the meaning of 29 U.S.C. § 203(s)(6).

## JURISDICTION AND VENUE

5.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. Defendant does business within the Northern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. § 201, et seq.

## FACTS

6.  Defendant Ledcor is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.  At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of section 3 of the FLSA, 29 U.S.C. § 203.

8.  At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

9.  Plaintiff began her employment at Ledcor on or about January 2003. Her job was the Site Project Administrator for Costco and Walmart projects that the Dallas office of Ledcor constructed within the past five years. When she began her employment, she was the Site Project Administrator at the Frisco and Plano sites and was paid on an hourly basis. Since then, she has been employed as the Site Project Administrator at the Lewisville, Texas site in 2004, the Sherman, Texas site in 2005, and the Garland, Texas site in 2007-2008. During her employment, she also worked on several job sites in Florida.

10. As a Site Project Administrator, Plaintiff was a non-exempt employee under the FLSA and entitled to overtime compensation for hours worked over 40 in a week. Defendant started her out as an hourly employee but later changed her classification to a salaried employee. However, Defendant misclassified her as an exempt, salaried employee. Plaintiff was not compensated for the time she worked over 40 hours in a week as an hourly or salaried employee during the relevant time frame.

11. Plaintiff regularly and consistently worked more than 40 hours per week with the knowledge of Defendant for the work activities described herein and for which Defendant did not pay Plaintiff overtime. Defendant was aware of Plaintiff's overtime work and intentionally did not pay her for those hours.

12.     Defendant has repeatedly and willfully violated, and continues to willfully violate, the FLSA statutes referenced herein by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees in excess of forty (40) hours per week at a rate not less than one and one-half times the regularly hourly rate of pay at which such employees are compensated.

13.     Plaintiff and other similarly situated current and former employees were employed in a position which is not exempt from the requirements that they be compensated for their hours of work by the payment of overtime. Defendant has engaged in a pattern, practice and policy of unlawful conduct by intentionally failing to pay the lawful and required overtime rate for hours worked beyond 40 per week in violation of the FLSA statutes referenced herein.

14.     Plaintiff was told by Ledcor's Management that she was allowed to turn in only 80 hours on each time/pay period which covered a two-week span regardless of the time she actually worked. When she complained to management, she was told she could only turn in 80 hours regardless of the actual time worked.

## CLAIMS

15.     The Fair Labor Standards Act (29 U.S.C. § 201 et seq.) and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure of Defendant to pay Plaintiff for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff will be seeking to represent all other similarly situated past and present employees, as described herein, who have not been properly paid for overtime work and to have this action certified as a collective action.

For herself and all those similarly situated, the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

16. Section 215(a)(3) prohibits employers from discriminating against employees for engaging in a protected activity, including making informal complaints by employees to their employers about wage and hour issues. Plaintiff alleges that she was told to turn in only 80 hours on each time/pay period which covered a two-week span. When she internally complained to management, she was told she had to comply. Plaintiff alleges she was unlawfully terminated from her position in retaliation for making internal complaints regarding the unlawful wage and hour issues. Plaintiff seeks damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses for the unlawful retaliation she suffered.

## REQUESTED RELIEF

17. Plaintiff has suffered and continues to suffer damages as a result of Defendant's failure and refusal to pay proper compensation because of the Defendant's continued violations of the FLSA. Plaintiff is entitled to a judgment granting her and similarly situated employees damages in the amount of the difference between the partial wages actually received by Plaintiff and the full wages she is entitled to recover under law, including all uncompensated overtime wages for hours worked.

18. Plaintiff suffered damages as a result of Defendant's unlawful retaliation against her when she informally complained to her supervisors regarding the unlawful wage and hour issues. Plaintiff is entitled to a judgment granting her damages for Defendant's unlawful conduct.

19. Plaintiff, in addition to her claim for actual damages, seeks injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein. Plaintiff urges the Court to enter a permanent injunction against Defendant directing it to pay all of its employees for overtime hours worked.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be granted:

1. Certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b);
2. Ordering the Defendant to pay the Plaintiff and all other similarly situated employees compensation due as a result of Defendant's violation of the FLSA;
3. Ordering Defendant to pay the Plaintiff's liquidated damages;
4. Granting injunctive relief by ordering Defendant to comply with the requirements of the FLSA;
5. Ordering Defendant to pay Plaintiff's costs of court in this action;
6. Ordering Defendant to pay Plaintiff's reasonable attorneys' fees and litigation expenses/costs, including expert fees and expenses; and
7. Providing such other and further relief as is just and necessary.

Respectfully submitted,

**ROSEMARY SAGE JONES**
State Bar No. 17519275
**DAVID IGLESIAS**
State Bar No. 24051733
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Telephone: 903-597-3307
Facsimile: 903-597-2413

**ATTORNEYS FOR**
**JANICE OSBORNE**

JS 44 (Rev. 12/07) **ORIGINAL**   **CIVIL COVER SHEET**   3-08CV1238-L

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Janice Osborne

### DEFENDANTS
Ledcor Construction, Inc.

RECEIVED JUL 21 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(b) County of Residence of First Listed Plaintiff: Rains
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): 903-597-3301
Rosemary Jones & Ramey & Flock, PC
David Iglesias   100 E Ferguson, Ste 500
Tyler, TX 75702

Attorneys (If Known): Phillip R. Jones
Locke Lord Bissell & Liddell
2200 Ross Ave, Ste 2200
Dallas, TX 75201   214-740-8529

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 201 et seq.
Brief description of cause: FLSA overtime

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/18/08
SIGNATURE OF ATTORNEY OF RECORD: David Iglesias

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____